George C. KEENER and Edna M. Keener, Plaintiffs-Respondents,

v.

BLACK RIVER ELECTRIC CO–OPERATIVE, Defendant-Appellant.

No. 33690.

St. Louis Court of Appeals, Missouri.

May 25, 1971.

Rehearing Denied June 28, 1971.

Roberts & Roberts, Farmington, for defendant-appellant.

Murphy & Kortenhof, George A. Adolf, St. Louis, for plaintiffs-respondents.

WOLFE, Judge.

This is an action in which the plaintiffs charge that the defendant trespassed on their land and cut trees valued at $5,000.00 and they sought treble the value of the trees and costs incidental to clearing brush and stumpage. The defendant's answer as-

serted that it had an easement or right-of-way " * * * covering Township 33 North, Range 6 East, Section 7, all in Madison County, Missouri." No reply was filed to the answer and the trial to a jury resulted in a verdict and judgment for the plaintiffs in the sum of $600.00. The defendant has appealed.

The evidence presented by the plaintiffs-respondents was substantially as follows. Keener and his wife purchased Lot 2 in a place known as Cameron Resort Area. The lot was about three-quarters of an acre in size. He built a small house on the place, doing much of the construction work himself. He was an electrician by trade and in order to get electricity to his house he went to the Black River Electric Co-operative. He was told that a connection could be made to a pole on the adjoining property owned by Arthur Allgier and his wife, but that the Keeners would have to sign an easement in order to get a pole to be placed on their own lot. The Keeners signed a right-of-way easement tendered to them by Black River Co-operative which was witnessed by Allgier and his wife. The pole was erected on the Keeners' property and power extended to it. After this, Keener himself connected the power to his house.

About a year later, without any prior permission from the Keeners and during their absence, the defendant-appellant company cut forty-four trees on the plaintiffs' land to provide a path for a line to extend service to a lot adjoining the Keeners' place which was owned by a man named Boyher. They put in an anchor for the existing pole on Keener's land and erected another pole with an anchor. Forty-four trees were cut to provide a right-of-way for the extension of the line. The Keeners knew nothing about it until they returned to their house one weekend and discovered the swath cut through their timber.

Keener testified that the easement he signed at the request of the defendant was only to get service to his own house and was not intended to grant a right to go through his property to service others. The plaintiffs called as a witness an expert on the value of trees. He had examined them soon after they were cut. No question was raised as to his qualifications, but the defendant objected to any evidence as to the value of the trees as being improper. The court indicated that it would confine the plaintiffs' efforts to prove damages to the evidence of the difference in the value of the property before and after the trees were cut. The plaintiffs then made an offer of proof that if the witness were permitted to testify as to the value of the trees he would state that they were worth $3,130.00. This was rejected on motion of the defendant. The plaintiff then testified that the value of his property before the trees were cut was $7,000.00 and after they were cut only $3,850.00. He further stated that Mr. Boyher for whom the defendant was extending the line had never talked to him about getting electricity to the Boyher lot.

The defendant's evidence consisted in part of the offer of the easement signed by the Keeners. As stated, this document purports to cover an easement over an entire section, whereas the Keeners owned only three-quarters of an acre. A witness for the defendant, on cross-examination, stated that the defendant company always got an easement from one desiring service, as the Keeners did, for the purpose of extending the power line to their own land. He further stated that when defendant desired to further extend the line over the land they got another easement from them for that purpose. This conformed to the testimony of Keener as to the purpose of the easement given.

▮ It is contended here that the court erred in permitting the plaintiffs' counsel to assert in his opening statement what the plaintiffs were going to show by evidence as extraneous to the easement pleaded by the defendant, and that the court erred in not sustaining defendant's

motion for a directed verdict at the close of the plaintiffs' case. We were confronted with the same argument in a former appeal of this case, Keener v. Black River Electric Co-operative, Mo.App., 443 S.W. 2d 216. That was an appeal by the plaintiffs from a judgment for the defendant entered by the court after sustaining defendant's motion for judgment on the pleadings. The pleadings here are the same as then, when we stated, l.c. 219: "* * * There was nothing in the pleadings to indicate the trees were cut upon land covered by the easement. Accordingly, we hold the question of whether the easement was in existence and did constitute a defense to plaintiffs' action was not admitted as defendant contends and there were issues of fact presented by the pleadings. Under such circumstances the trial court was in error in sustaining the motion for judgment on the pleadings." We give to the easement the same meaning and intent that the parties gave to it. It was intended only for use of the defendant in placing a pole on, and extending service to, the plaintiffs' property. We hold that the court did not err in overruling defendant's objections or motion for a directed verdict.

It is further contended that the court erred in refusing to give a burden of proof instruction offered by the defendant. The court gave one offered by the defendant and refused to give another, alike in most respects to the first one offered. Another complaint is that the court erred in refusing to give an instruction on its affirmative defense of easement. The instruction offered directed a verdict for the defendant if the jury found that the plaintiffs "signed" the easement mentioned in the evidence. There was no issue of fact regarding this. The plaintiffs admitted signing the easement. We find both of these complaints as to the refusal of instructions without merit.

Defendant also asserts that the measure of damages was not properly instructed upon. During the trial the court confined the plaintiffs' proof of damages to the difference between the value of the land before and the value after the cutting of the trees. It is contended that a definition of "fair market value" which was omitted should have been given. We do not pass upon this omission from the instruction because the instruction itself was erroneously given. If proper in all respects on the theory of damages it set out, it was not consistent with the issue tried.

The plaintiffs action was predicated upon § 537.340, RSMo 1959, V.A.M.S., the pertinent parts of which are as follows: "If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, * * * being or growing on the land of any other person * * * the person so offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs."

The court seemed to try the case on the theory of inverse condemnation. In Harris v. L. P. and H. Construction Co., Mo. App., 441 S.W.2d 377, l.c. 381, we held that the doctrine of "inverse condemnation" or "condemnation in reverse" is a remedy designed not to protect the trespassing utility, and the corporation which makes an entry upon the land of a private citizen without agreement with the owner is guilty of a wilfull trespass. We went on to hold that under such circumstances the land owner could proceed under § 537.340 for the unlawful cutting of trees.

Had the plaintiffs appealed from the judgment we would be obliged to reverse and remand the case, but the defendant cannot here complain about an error that it invited and by which it is favored rather than prejudiced.

Judgment is affirmed.

BRADY, P. J., and DOWD, J., concur.