Michael **CHILL** and Denise **Chill,**
Respondents,

v.

**KADEAN CONSTRUCTION
COMPANY, Appellant.**

No. 51085.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 9, 1986.

John L. Sullivan, St. Louis, for appellant.

Sally A. Herleth, O'Fallon, Michael and
Denise Chill, St. Louis, for respondents.

CRIST, Judge.

Defendant-builder appeals from $1,000 judgment awarded at trial *de novo* in circuit court. Action, originally brought in small claims court, was for damages from alleged negligent construction of concrete patio at plaintiffs' home. Plaintiffs-homeowners obtained judgment in small claims court and again at trial *de novo*. We affirm.

In its first point relied on, builder alleges error in the procedures employed at the trial *de novo:* failure to follow the rules of evidence, admission of hearsay declarations, and denial of a request for findings of fact and conclusions of law. As authority for this point, builder cites Section 512.310, RSMo (1978); and *State ex rel. Dover v. Lewis,* 666 S.W.2d 35 (Mo. App.1984). These authorities do support builder in that "[t]he trial de novo shall be governed by the practice in trials before circuit judges," Section 512.310, RSMo (1978); however, builder has failed to preserve the point for review. Builder does not, in the point relied on or the corresponding argument section, indicate the specific actions or rulings it is seeking review of and wherein and why they are erroneous. The less than one page "argument" refers neither to the facts nor the record on appeal; rather it is a short discussion of the requirement for circuit court procedures at a trial *de novo*. Likewise, builder does not discuss the issue of a court's refusal to make findings of fact and conclusions of law after a general request for such. Thus, we find nothing in builder's first point to review. Rule 84.04(d); *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978).

Builder's second point relied on deals with unsworn testimony given by plaintiffs. Homeowners appeared *pro se* and the judge conducted a direct examination of them. Builder's attorney did not object to the testimony until cross-examination. The circuit court admitted its error

and had homeowners sworn as to both the testimony already given and the testimony to be given. Builder did not object to the oath or to the continuation of the proceedings. While an oath administered in the middle of testimony is not ideal, this oath sufficiently placed homeowners under the pains and penalties of perjury and insured the truthfulness of their testimony. Section 492.060, RSMo (1978); and *State v. McClain*, 541 S.W.2d 351, 356 [12] (Mo. App.1976).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.