Robert G. **BREIDING**, Sr., and Betty I. **Breiding, husband and wife, Plaintiffs–Respondents,**

v.

Larry **WELLS**, Leon Cain, Leon F. **Cain, Jr., and Vickie L. Cain, Defendants–Appellants.**

No. 17103.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 11, 1990.

Alex Peebles, Hermitage, for defendants-appellants.

Ralph W. Gilchrist, Bolivar, for plaintiffs-respondents.

SHRUM, Judge.

This is an appeal from a judgment for plaintiffs in a court-tried case against defendants Larry Wells (hereafter Wells), Leon F. Cain, Jr. (hereafter Leon, Jr.), and Vickie Cain (hereafter Vickie) for $3,500.00 actual damages for trespass to real estate, which were trebled "pursuant to Section 537.340 R.S.Mo., to the amount of ... $10,500.00, and additional damages in the sum of $1,200.00 for clean up damages computed against Defendants."

Plaintiffs owned 5 acres in Hickory County, Missouri, near Lake Pomme de Terre. Defendant Leon, Jr., and his wife[1] owned 49.38 acres which adjoined plaintiffs' property. Three acres of plaintiffs' property were located at the southeast cor-

---

1. Defendant Leon, Jr.'s, wife *is never* identified in the pleadings, testimony, admissions, exhibits, legal file or transcript before this court. Vickie is named as a defendant, but Vickie is never identified nor is any relationship between Vickie and other defendants determinable from any source. For all that the record shows, "Vickie" could be a male burdened with a feminine name as in Johnny Cash's "A Boy Named Sue."

ner of the property of Leon, Jr., and his wife. Leon, Jr., wanted to be able to drive around the boundary of his land so he hired Wells to circle his land with a bulldozer. Wells performed the work. In doing so, he pushed out a 48–50 foot wide strip of trees on plaintiffs' land 361 feet in length east and west and 260 feet in length north and south. Wells didn't know where the boundary lines were when he pushed the trees out but acted at the direction of Leon, Jr. The boundary line between the parties was not surveyed before the trespass. Leon, Jr., relied on an old fence line, "measuring out from our back to the southeast corner." Leon, Jr., determined after the trespass that the old fence line was wrong, "[i]t's a mistake."[2] Additional evidence concerning damages will be set forth as necessary to dispose of Point II.

Plaintiffs' single-count petition does not specifically refer to § 537.340 but pleads a trespass by defendants, "contrary to the form of the statute" and prays for treble damages. Defendants filed a general denial. During pretrial, plaintiffs' counsel declared that the case was brought under § 537.340[3] as a trespass on realty. The record is clear, and the trial court's judgment[4] reflects, that the case was tried, submitted and decided on the basis of § 537.340.

In Point II, defendants argue that the proper measure of damages for a § 537.340 trespass action is the value of the trees damaged or destroyed (rather than before and after value of the land). They claim that the trial court erred in entering the judgment because plaintiffs failed to adduce "evidence ... of the number and 'fair market value' of the bulldozed trees so that the judgment is based only on speculation [and] is not supported by substantial evidence...." This court is obliged to affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Tracy v. Tracy*, 791 S.W.2d 924, 926 (Mo.App.1990).

 Review of the record in this case has generated a firm belief that there is no substantial evidence to support the judgment as to the amount of damages and that the law has been erroneously applied. The reasons are as follows. Ordinarily, the measure of damages in a § 537.340 action is the market value of the property at the time it was removed from the land. Mo. Damages, § 15.55 (Mo. Bar 1988); *Giudicy v. Giudicy Marble, Terrazzo & Tile Company*, 329 S.W.2d 664, 669 (Mo.1959). *See also Keener v. Black River Electric Co-Operative*, 469 S.W.2d 657, 659 (Mo.App. 1971). However, in at least one instance, this court approved the use of before and after values of the real estate as a measure of damages in a § 537.340 action where the things taken, injured, or destroyed by a willful trespass have no substantial market value, when considered in their severed state. *Barnes v. Arkansas–Missouri Power Co.*, 220 Mo.App. 141, 149–50, 281 S.W. 93, 96 (1926). The reasoning in *Barnes* for using before and after values of the land as a § 537.340 measure of damages, in

---

2. Leon, Jr., testified: "Apparently we made a mistake measuring out from our back to the southeast corner." Also, the following is found:
> Q. (To Leon, Jr.): Now did you do this intentionally?
> A. No, sir.
> MR. GILCHRIST: Objection,—
> Q. (Cont. by Mr. Peebles): Did you do it with malice?
> A. No.
No objection was made to the latter question and no ruling was made by the court on the unspecified objection made to the former question.

3. In part, § 537.340 reads: "If any person shall cut down, injure or destroy ... any tree placed

or growing for use, shade or ornament, or any timber ... growing on the land of any other person, or shall dig up ... or carry away any stones ... gravel, clay ... or other substance or material being a part of the realty ... the person so offending shall pay to the party injured treble the value of the things so injured ... destroyed or carried away, with costs."

4. The judgment read: "[T]he Court finds the issues of trespass and damages in favor of the Plaintiffs and against the Defendants ... and assesses Plaintiffs [sic] actual damages at ... $3,500.00, which are trebled, *pursuant to Section 537.340....*" (Emphasis added.)

certain limited instances, is sound. However, in this case, the trial court, at the conclusion of the case said:

> The only evidence before the Court as to the value of the trees is $3,500.00. The Court finds the issues in favor of the Plaintiffs against Defendants on that issue and enters judgment of $3,500.00 actual. Treble award of $10,500.00. Consequential or clean up damages the Court finds to be $1,200.00 against Defendants herein as per entry filed.

Written judgment was entered accordingly.

Clearly, as to the $3,500.00 portion of the judgment, the trial Court applied the ordinary rule that the measure of damages in a § 537.340 action is the market value of the property at the time it was removed from the land, rather than the rule set forth in *Barnes, supra.* The only evidence of the value of the trees removed and destroyed came from plaintiff Robert G. Breiding during rebuttal, as follows:

> Q. Mr. Breiding, do you have an opinion as to the value of the trees and the destruction thereof *as to your continued use or aesthetic use of the property?*
>
> A. Yes, I do.
>
> Q. What is that opinion?
>
> A. The value of those trees *to me* would be about $3,500.00 or maybe $4,000.00
>
> . . . .
>
> Q. How do you value a tree that you're talking about, the value of it? How do you yourself evaluate it? You can evaluate a car, a truck. But how do you evaluate a tree? How do you arrive at that?
>
> A. *I arrive at that figure basically because they are the prime feature of that property.* You see *I regard this area* of Missouri *as one of the most beautiful places in the mid-west and that asset comes from those trees.*
>
> MR. PEEBLES: Nothing further, Your Honor.
>
> THE COURT: Do I understand that you're saying that the damage to your trees is now $3,000.00 to $3,500.00?
>
> THE WITNESS: Yes, sir. (Emphasis added.)

Clearly, plaintiff's opinions did not address the fair market value of the trees removed. His opinions as to the "value of trees" was grounded upon his personal "continued use or aesthetic use of the property." He arrived at that figure "basically because they [the trees] are the prime feature of that property. You see, *I regard this area ... as one of the most beautiful places in the mid-west and that asset comes from those trees.*" (Emphasis added.) Such testimony does not supply necessary evidence of value of the trees.

> Proof of fair market value cannot be supplied by evidence as to the value of the property to the plaintiff individually, as a witness' subjective opinion or his feeling ... as to the value of property may not be equated with or substituted for fair market value.

*Evinger v. McDaniel Title Co.,* 726 S.W.2d 468, 474–75 (Mo.App.1987). There was no evidence of fair market value of trees other than plaintiff's opinion. Accordingly, there was no substantive evidence of the fair market value of the trees. This requires reversal and remand for new trial.

■ Erroneous application of the law occurred from the following. At the conclusion of the trial, after making the $3,500.00 award for the value of the trees, the trial court awarded plaintiffs $1,200.00 "[c]onsequential or clean up damages." Evidence of the cost of cleaning up the bulldozed trees and brush was as follows. Through a witness who worked as a logger, plaintiffs offered evidence, without objection, that it would cost $3,500.00 to "clean up the logs, debris, etc." Defendant Wells testified he could "clean the logs up" for $300.00. When asked how much he had charged Leon, Jr., for clearing a path around the entire 49–acre tract, Wells first said he couldn't remember and then testified, "Let's say $1,200.00. How's that sound?"

> Q. (Cont. by Mr. Gilchrist) I'm not saying that. I'm asking you if you know.
>
> A. No, I don't know.

No other place in the record is the figure of $1,200.00 mentioned in relation to anything.

Evidence of the cost of "clean up" of the trees would only be relevant if the trial court determined that the reasoning of *Barnes* applied, and then only to the extent that it aided the court in determining what was the correct difference in the "before and after value" of the real estate. Using evidence of the cost of "clean up" as a separate damage item was an erroneous application of the law requiring reversal and remand for a new trial. *Keener, supra*, at 659; *Giudicy, supra*, at 669; *Barnes, supra*, 281 S.W. at 96.

Plaintiff testified that the fair market value of the land prior to the trespass was $7,500.00; after the trespass, it was $1,500.00. Defendants offered no evidence of before and after values of the land. If, upon retrial, it is determined by the trial court, based upon substantial evidence, that the trees taken and pushed out had no substantial market value in their severed state, evidence of before and after land values should be received and considered by the trial court in determining the damages for the trespass. *Barnes, supra*. If, however, the trial court determines that the trees destroyed and removed had a substantial market value, then the evidence of the fair market value of the trees destroyed should be received and weighed to determine the measure of plaintiffs' damages.[5] *Keener, supra; Giudicy, supra*.

■ In Point I, defendants claim trial court error in entering judgment against Vickie. They claim there is no substantial evidence to support the judgment against Vickie because, other than being named in the caption and in the judgment, there is no identification of her and no evidence of her alleged involvement in the trespass. This court agrees.

It is true that "all who direct the commission of a trespass, or *wrongfully contribute to its commission*, * * * are equally liable to the injured persons...." (Italics in original.) *Curlee v. Donaldson*, 233 S.W.2d 746, 753 (Mo.App.1950). However, the burden of proof is on the plaintiffs. *Wallace v. Bounds*, 369 S.W.2d 138, 143 (Mo.1963); *Davis v. Fiske*, 578 S.W.2d 328, 331 (Mo.App.1979); *Curlee, supra*, at 752–53. Pleading the name of "Vickie L. Cain" is not enough to meet the burden of proof required of plaintiffs. Plaintiffs had the duty to remove the case from the field of conjecture and establish it by substantial evidence of probative value, or by inferences reasonably to be drawn from the evidence. *Beshore v. Gretzinger*, 641 S.W.2d 858, 862 (Mo.App.1982). Plaintiffs have not met their burden of proof as to Vickie.

There is no evidence that Vickie a) trespassed on plaintiffs' land; b) authorized or directed Leon, Jr., or Wells to go onto plaintiffs' land; or c) damaged plaintiffs' property in any way. This court has carefully read the entire transcript in this case and cannot determine who Vickie was or what her alleged involvement was. The evidence adduced in this case is not sufficient to sustain recovery against Vickie. *Murphy v. Carron, supra*, at 32–33. Defendants urge that Vickie should be discharged with judgment in her behalf entered against plaintiffs. Defendants urge this court to take such action, without citation of authority, but apparently rely on Rule 84.14 which directs that "[u]nless justice otherwise requires, the court shall dispose finally of the case." However, *State ex rel. Div. of Fam. S. v. Standridge*, 676 S.W.2d 513, 517 (Mo. banc 1984), states, "The furtherance of justice requires a case shall not be reversed without remanding unless the appellate court is convinced the facts are such that a recovery cannot be

**5.** Upon retrial, attention is directed to § 537.360, which reads: "On the trial of any action ... brought upon sections 537.340 ... if it shall appear that the defendant had probable cause to believe that the land on which the trespass is alleged to have been committed ... was his own, the plaintiff in the action ... shall receive single damages only, with costs." The apparent failure to consider § 537.360 was not briefed nor brought to the trial court's attention. However, the trial court has the duty to pass upon the issue of probable cause under § 537.360. *State v. Missouri Edison Co.*, 245 S.W.2d 457, 459 (Mo.App.1952); *Chilton v. Missouri Lumber & Mining Co.*, 144 Mo.App. 315, 320, 127 S.W. 941, 943 (1910). If, upon retrial, there is evidence from which the trial court could make a determination that defendants acted in the good faith belief that the timber pushed out belonged to defendant Leon, Jr., the possible applicability of § 537.360 should be considered.

had. *Nelson v. Grice*, 411 S.W.2d 117, 126 (Mo.1967)...." Because there is a drouth of evidence concerning Vickie and her involvement, this court cannot conclude that plaintiffs could never make a submissible case against Vickie if the evidence were fully developed. "It is appropriate to remand the case for a new trial in which the possibility for a recovery by the plaintiff will remain if sufficient evidence is produced. *See Jordan v. Robert Half Personnel Agencies, Inc.*, 615 S.W.2d 574, 587 (Mo. App.1981)." *Standridge, supra*, at 517. The judgment against Vickie L. Cain is reversed, but this court declines to enter a verdict for defendant Vickie.

Finally, plaintiffs filed a motion to dismiss defendants' appeal because (a) the defendants' statement of facts was not fair and concise as required by Rule 84.-04(c); (b) defendants' points relied on fail to indicate defendants' timely objection or request of the trial court to take the affirmative action now requested by defendants of this court; and (c) defendants' Point II fails to comply with Rule 84.04(d). Although defendants' statement of facts did not fully comply with Rule 84.04(c) and the points relied on did not comply with Rule 84.04(d), the dismissal of an appeal is a drastic remedy and this court finds it would be inappropriate here. *Arst v. Max Barken, Inc.*, 655 S.W.2d 845, 846 (Mo.App.1983). When Rule 84.04(d) has been violated, an appellate court can do no more than examine the record to determine if the judgment is supported by substantial evidence, is not against the weight of the evidence, and is neither an erroneous declaration nor application of the law. *Neal v. Sparks*, 773 S.W.2d 481, 485 (Mo.App.1989). Having made that examination, this court has determined the case should be reversed. This case is not a trial practice model by either side at any stage. The motion is overruled.

The cause is reversed as to all defendants and remanded for new trial.

PARRISH, P.J., and HOGAN, J., concur.