**Janet Lee BOLIN, Plaintiff/Respondent,**

**v.**

**Charles & Jacqueline HANTON,
Defendants/Appellants.**

No. 68303.

Missouri Court of Appeals,
Eastern District,
Division One.

June 4, 1996.

Mark H. Neill, St. Louis, for appellants.

Mark B. Moran, St. Louis, for respondent.

REINHARD, Presiding Judge.

Plaintiff filed a petition in small claims court alleging that defendants failed to properly repair her automobile. She received a judgment in that court in the amount of $1,500. Defendants applied to the circuit court for a trial de novo, and following that trial, the court rendered judgment against defendants in the amount of $1,500. Defendants appeal. We affirm in part and reverse in part.

On appeal, defendants initially allege:

The trial court erred in treating and hearing the case as a small claims case by overruling objections to hearsay and to narrative testimony and thereby failing to adhere to the statutory provisions governing appeals of small claims cases.

We first note that plaintiff appeared *pro se* at the trial de novo, and defendants were represented by counsel. We agree with defendants that under § 482.365, RSMo 1994, more stringent rules of evidence apply to a trial de novo of a small claims case than to a trial in small claims court, where informal proceedings are permitted. § 482.365.2, RSMo 1994, provides, in part:

"The trial de novo shall be governed by the practice in trials before circuit judges...." *See also Chill v. Kadean Construction Company,* 716 S.W.2d 860 (Mo.App.1986). However, in a court-tried case, it is practically impossible to predicate reversible error on the erroneous admission of evidence. *See Estate of Helmich v. O'Toole,* 731 S.W.2d 474, 479 (Mo.App.1987). The party making that contention must demonstrate the absence of sufficient competent evidence to support the challenged judgment. *Nunn v. Nunn,* 644 S.W.2d 370, 373 (Mo.App.1982).

Defendants' principal point on appeal is that plaintiff failed to make a submissible case.

■ We must affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In reviewing the sufficiency of the evidence, we review the evidence in the light most favorable to the judgment. *Douglas v. City of St. Louis,* 823 S.W.2d 78, 79 (Mo.App.1991).

■ Our review of the evidence in this case, excluding any erroneously admitted evidence, leads us to conclude that under our standard of review, a submissible case was made against the owner of the garage, defendant Charles Hanton. Thus, the court did not err in rendering judgment against him. However, we fail to find sufficient evidence supporting a judgment against his wife, defendant Jacqueline Hanton. At best, the evidence reveals that she was an agent for a disclosed principal.

The judgment for plaintiff against Mr. Hanton is affirmed; the judgment for plaintiff against Mrs. Hanton is reversed. Costs are assessed as follows: one-half to plaintiff and one-half to defendant Charles Hanton.

KAROHL and GRIMM, JJ., concur.