Emmanuel & Barbara BRAND,
Respondents,

v.

MATHIS & ASSOCIATES – Thomas J. Mathis, Appellants.

No. 22940.

Missouri Court of Appeals,
Southern District,
Division Two.

April 24, 2000.

---

Robert L. Smith, Poplar Bluff, for Appellant.

No appearance for Respondent.

BARNEY, Judge.

Appellant Thomas J. Mathis, d/b/a Mathis & Associates ("Defendant") appeals the judgment of the Circuit Court of Wayne County after a trial de novo hearing. *See* § 482.365.[1] In its judgment, the court awarded Respondents Emmanuel Brand and Barbara Brand ("Plaintiffs") the amount of $3,000.00, arising from Defendant cutting down "312 trees" during the course of performing a survey across real property belonging to Plaintiffs.[2]

In his two points on appeal, Defendant first asserts that the court "used the wrong basis" to determine Plaintiffs' damages. Instead of using Plaintiffs' value for the destroyed "saplings" the court should have used the "market value of the severed saplings or if the market value of the severed saplings was insubstantial then the proper measure of damages ... was the difference in the market value of the real property before and after the damage." In his second point, Defendant maintains that the judgment was "against the weight of the evidence" and that there was "not substantial evidence to support the ... judgment." Because of the essential similarity of the two points, they will be reviewed concomitantly.[3]

At the trial de novo hearing, Plaintiff Emmanuel Brand testified that a mixed variety of 312 trees, i.e., hickory, maple,

---

1. Plaintiffs had originally filed their action in Small Claims Court. *See* generally, Rules 140 through 152, Missouri Court Rules (1997). All statutory references are to RSMo 1994, unless otherwise set out.

2. Defendant testified that the survey was performed for the State Conservation Commission in order to "mark the boundary lines of the Coldwater State Forest" and acknowledged that he was tasked to "ascertain government corners."

3. Plaintiffs have not filed a brief with this Court.

pine, cedar, redbud, cherry, black gum, dogwood, elm, sassafras and persimmon, had been cut by Defendant and his agent. Plaintiff Emmanuel Brand stated that "my value would be that they would be at least worth $25.00 apiece."

In his testimony, Defendant acknowledged that "some brush was cut" during the course of the survey and identified Exhibit A, taken some seven months after the survey, showing, in Defendant's words, that "most of the brush [had] regrown." In response to the question, "and was there much damage after that period of regrowth that you could see there?" Defendant responded, "I felt like there was no damage whatsoever myself." He further testified that his surveyor cut a "line of sight" of "about three feet wide" with a "machete—long knife, and none of them would be over a inch and a half—two inches in diameter at the very most." Defendant acknowledged that neither he nor his employee got permission from Mr. Brand to cut trees.

Defendant presented the testimony of an expert witness, Mr. Allison, a forester previously employed by the U.S. Forest Service for 33 years. Mr. Allison testified that he had walked through the survey line and that approximately 216 trees had been cut during the performance of the survey. He acknowledged that the "damage was hard to see at times" and testified that nearby there was "an existing stand of trees close to maturity ... like sixty foot height." In his view of the scene, he stated that he had identified four trees that "had potential to develop if they were to continue to be open—stay open and be able to grow and so forth" and that it would take "seventy years" to develop. He estimated their value at the end of the seventy year period at $249.36 and that the "approximate value" of the trees today would be $31.49.

## I.

■ "This court is obliged to affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." *Breiding* v. *Wells,* 800 S.W.2d 789, 791 (Mo.App.1990); *see Muir v. Ruder,* 945 S.W.2d 33, 35 (Mo.App.1997). "In reviewing the sufficiency of the evidence, we review the evidence in the light most favorable to the judgment." *Bolin v. Hanton,* 924 S.W.2d 15, 16 (Mo.App.1996). "[W]e are to give due regard to the opportunity to the trier of fact to have adjudged the credibility of the witnesses. The trial court's resolution of conflicting evidence is to be accorded due deference by the reviewing court." *McClelland v. Williamson,* 627 S.W.2d 94, 96 (Mo.App.1982). "[M]ore stringent rules of evidence apply to a trial de novo of a small claims case than to a trial in small claims court, where informal proceedings are permitted." *Bolin,* 924 S.W.2d at 15.

## II.

■ In our review of the pleadings, we observe that Plaintiffs did not expressly plead statutory trespass under either section 537.340 (trespass on realty-treble damages); or section 537.360 (trespass on realty-single damage).[4] "[A] party cannot

4. Section 537.340 reads as follows:

**Trespass on realty – treble damages recoverable, when.** – If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing on the land of any other person, or shall dig up, quarry or carry away any stones, ore or mineral, gravel, clay or mold, or any ice or other substance or material being a part of the realty, or any roots, fruits or plants, or cut down or carry away grass, grain, corn, flax or hemp in which he has no interest or right, standing, lying or being on land not his own, or shall knowingly break the glass or any part of it in any building not his own, the person offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs.

Section 537.360 reads as follows:

recover for a cause of action not pleaded." *Clay v. Missouri Highway and Transp. Comm'n.*, 951 S.W.2d 617, 631 (Mo.App. 1997). "Under common law, a trespass is the unlawful entry on another man's ground causing damage, however slight." *Porter v. Fitch*, 727 S.W.2d 161, 164 (Mo. App.1987); *see also Muir*, 945 S.W.2d at 35. "A trespasser is liable for all damages proximately caused by his trespass, whether or not he acted in good faith and with reasonable care, or whether he acted in ignorance of plaintiff's rights, or under mistake of fact or law." *Crook v. Sheehan Enters., Inc.*, 740 S.W.2d 333, 336 (Mo. App.1987); *see Griesenauer v. Emsco Corp.*, 399 S.W.2d 147, 151 (Mo.App.1965). Although statutory trespass under either sections 537.340 or 537.360 was not expressly pleaded by Plaintiff, nevertheless, cases interpreting how measures of damages are determined under these statutes have rational and relevant application to the instant case. *See* parallel discussion in *Hunter Land & Dev. Co. v. Caruthersville S. & H. Co.*, 223 Mo.App. 132, 9 S.W.2d 531, 533 (1928)("while the action for treble damages may be a separate and distinct cause of action from the common-law action of trespass or trover, the line of demarcation is fine, and they all belong to the same general classification"); *see also Porter*, 727 S.W.2d at 164. Indeed, section 537.340, the treble damage statute, has been held not to take away the common law right of action for trespass. *State ex rel. Smith v. Greene*, 494 S.W.2d 55, 58–59 (Mo. banc 1973).

**Single damages only recoverable, when. –** On the trial of any action or prosecution brought upon sections 537.340, 537.350 and 537.370 if it shall appear that the defendant had probable cause to believe that the land on which the trespass is alleged to have been committed, or that the thing so taken, carried away, injured or destroyed, was his own, the plaintiff in the action or prosecution shall receive single damages only, with costs.

5. "In this state it has been held that the measure of damages for the destruction of matured and growing trees is their market value, less the expense of harvesting and mar-

■ "Ordinarily, the measure of damages in a § 537.340 action is the market value of the property at the time it was removed from the land."[5] *Breiding*, 800 S.W.2d at 791; *see also Keener v. Black River Elec. Co-op.*, 469 S.W.2d 657, 659 (Mo.App.1971).[6] "However, in at least one instance, this court approved the use of before and after values of the real estate as a measure of damages in a § 537.340 action where the things taken, injured or destroyed by a willful trespass have no substantial market value, when considered in their severed state." *Breiding*, 800 S.W.2d at 791; *see also Anderson v. Howald*, 897 S.W.2d 176, 181 (Mo.App.1995). In *Breiding*, the evidence showed that a trespasser had bulldozed a 48–50 foot wide strip of trees on plaintiff-owner's land "361 feet in length east and west and 260 feet in length north and south." *Id.* at 791. At trial the only evidence of the value of the trees came from the Plaintiff/owner. Plaintiff testified that the "value of those trees to me would be about $3,500.00 or maybe $4,000.00." He also opined that he arrived "at that figure basically because they are the prime feature of that property. You see I regard this area of Missouri as one of the most beautiful places in the mid-west and that asset comes from those trees." *Id.* at 792. The *Breiding* court determined that "[s]uch testimony does not supply necessary evidence of value of the trees." *Id.* The court stated that there "was no evidence of fair market value of trees other than plaintiff's opinion." *Id.*[7] "Accordingly, there was no substantive

keting the crop." *McClelland*, 627 S.W.2d at 98.

6. Market value, often referred to as fair market value, is "defined as the price which property will bring when it is offered for sale by an owner who is willing but under no compulsion to sell and is bought by a buyer who is willing or desires to purchase but is not compelled to do so." *Evinger v. McDaniel Title Co.*, 726 S.W.2d 468, 475 (Mo.App.1987).

7. *Compare*, however, with *St. Joseph Light & Power Co. v. Kaw Valley Tunneling, Inc.*, 589 S.W.2d 260, 269 (Mo. banc 1979); *Casada v.*

evidence of the fair market value of the trees. This requires reversal and remand for new trial." *Id.*

 Here, Plaintiff's testimony was in stark conflict with Defendant's evidence. Plaintiffs' only evidence as to the value of the trees cut or damaged consisted of the one line testimony, to-wit: "Well, my value would be that they would be at least worth $25.00 apiece." Plaintiffs presented no evidence as to the respective age or maturity, diameter, height or other particulars regarding the trees/saplings that were cut or destroyed. Based on the teachings of *Breiding*, we determine that the award of $3,000.00 to Plaintiffs is not supported by substantial evidence. *Breiding*, 800 S.W.2d at 792; *see also Anderson*, 897 S.W.2d at 181. Neither was the award of damages reasonably determined. *See Montrose Sav. Bank v. Landers*, 675 S.W.2d 668, 672 (Mo.App.1984)("[f]indings by a trial court as to damages recoverable are entitled to great weight on appeal and will not be disturbed unless it is shown that the damages awarded were clearly wrong, could not have been reasonably determined, or were excessive").

The judgment is reversed and the case is remanded. If upon retrial, it is determined by the trial court, based upon substantial evidence, that the trees and/or saplings that were cut or destroyed had no substantial market value in their severed state, evidence of before and after land values should be received and considered by the trial court in determining the damages for the trespass. *See Breiding*, 800 S.W.2d at 793, *supra.* If, however, the trial court determines that the trees cut or destroyed had a substantial market value, then the evidence of the fair market value of the trees so cut or destroyed should be received and weighed to determine the measure of plaintiffs' damages. *See id.*, *supra.*

GARRISON, C.J., and PREWITT, J., concur.

*Hamby Excavating Co., Inc.*, 575 S.W.2d 851, 854 (Mo.App.1978); *McClelland*, 627 S.W.2d

at 98–99.