**Steve TONG and Christine Tong, Plaintiffs–Respondents,**

v.

**Mac KINCAID and Barbara Kincaid, Husband and Wife, Defendants– Appellants.**

**No. 23820.**

Missouri Court of Appeals, Southern District, Division Two.

June 27, 2001.

Albert D. Johnston, Carthage, for Appellant.

Peter J. Lasley, Flanigan, Lasley & Moore, LLP, Carthage, for Respondent.

RAHMEYER, Judge.

Steve Tong and Christine Tong ("Respondents") brought an action pursuant to § 537.340[1] against defendants ("Appellants") for damages when Appellants bulldozed the trees and shrubs, which had been used as a wildlife refuge on Respondents' property. The trial court found for Respondents and awarded them $14,717.76 in damages.

Appellants raise three points on appeal. Because all three points are intertwined and relate to the sufficiency of evidence on the amount of damages, we will discuss them together. All three points contest the award of $14,717.76 to Respondents for the trees, shrubs and fence that were on Respondents' property.

It is undisputed that Appellants destroyed the trees and shrubs on Respondents' property without Respondents' permission. In fact, one of the Appellants asked permission of the Respondents several times and bulldozed the property even though he knew he had not received permission. Appellants are not contesting the evidence to support the fact of a trespass or that some damages should have been awarded to Respondent. Appellants contest the method used to arrive at the amount of damages.

There was conflicting testimony from surveyors about the property line; there was also conflicting testimony concerning the number and kind of trees and shrubs that were removed. There was testimony that the entire property was set up as a wildlife preserve with nine and a half miles of trails around a fifty-two acre lake. There was no testimony of the value of the property before and after the trespass.

On review of a court-tried case, we sustain the judgment of the trial court

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *KJC v. Land Trust of Jackson County*, 6 S.W.3d 894 (Mo. banc 1999). On appeal from a court-tried case, we defer to the trial court's findings of fact, given the trial court's superior ability to judge the credibility of witnesses. *Brawley v. McNary*, 811 S.W.2d 362 (Mo. banc 1991). Neither party requested findings of fact or conclusions of law. In such circumstances, fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. Rule 73.01(c);[2] *Gaar v. Gaar's Inc.*, 994 S.W.2d 612, 616 (Mo.App. S.D. 1999).

■ We will assume the court accepted the testimony of Respondents' surveyor as to the amount of destroyed land; we also assume the court accepted the testimony of Respondents' expert, Skip Stokes, ("Stokes") as to the value of restoring the removed trees and shrubs. In her analysis, Stokes took a sampling of the trees in the surrounding areas. She determined what types of trees were destroyed and then determined the cost to replant and replace a similar grove of trees and bushes. She testified that to replace just one 14 inch diameter pin oak with a similar tree was $3,700.00. That did not include shipping or cost of planting. There were twenty-seven pin oaks on the property. Very few nurseries could provide a tree the size of the removed pin oak and it is unlikely such large trees would survive if replanted, even if an irrigation system were put in place; therefore, the cost would be prohibitive. Additionally, green ash, hackberry and locust trees were taken down. Appellants destroyed various bushes, including approximately eighty lespedeza shrubs, gray dogwood, buck brush

and poison ivy. Stokes also testified as to the cost of restoring the land by putting in smaller bushes and trees; she itemized the specific types of trees and bushes necessary to restore the razed area. It would take twenty years for any new trees to reach a similar size of the trees and shrubs which were destroyed. The total cost for the restoration was $4,905.92.

Appellants argue that the trial court should have placed a market value on the trees and shrubs at the time they were removed from the premises, or if the trees and shrubs had no commercial value, the damages would have been the difference between the fair market value of the land before the bulldozing and after the bulldozing. This case was brought pursuant to § 537.340.

If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing on the land of any other person, including any governmental entity, or shall dig up, quarry or carry away any stones, ore or mineral, gravel, clay or mold, or any ice or other substance or material being a part of the realty, or any roots, fruits or plants, or cut down or carry away grass, grain, corn, flax or hemp in which such person has no interest or right, standing, lying or being on land not such person's own, or shall knowingly break the glass or any part of it in any building not such person's own, the person so offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs.

Appellants rely upon *Breiding v. Wells*, 800 S.W.2d 789 (Mo.App. S.D.1990) for the proposition that substantial evidence does not support the award of $14,717.76. In *Breiding*, the only testimony of the fair market value of the destroyed trees was

---

**2.** All rule references are to Supreme Court Rules (2001), unless otherwise stated.

the plaintiff's testimony grounded upon his personal, continued use or aesthetic use of the property. We found such evidence to be insufficient. In *Brand v. Mathis & Associates*, 15 S.W.3d 403 (Mo.App. S.D. 2000), the only evidence as to the value of the trees cut or damaged consisted of plaintiff's testimony that "they would be at least worth $25.00 apiece." This court instructed that on remand, if the court determined that the trees and/or saplings that were cut or destroyed had no substantial market value in their severed state, evidence of before and after land values should be received and considered in determining the damages for trespass. *Id.* at 407.

Both cases are based on *Barnes v. Arkansas–Missouri Power Co.*, 220 Mo.App. 141, 281 S.W. 93 (1926). *Barnes* was a case of first impression on the measure of damages under the statute in effect at the time, § 4242. Section 537.340 the current trespass statute, is substantially the same as the old trespass statute, § 4242. In *Barnes*, defendant argued that the proper measure of damages was the "thing removed or destroyed" rather than the difference in value of the premises. *Id.* at 94. After tracing the history of the measure of damages, the court held that where trees, or other things mentioned in the statute are taken, injured, or destroyed by a willful trespass, have no substantial market value, when considered in their severed state, the measure of damages in an action under the statute for treble damages is the difference in value of the premises immediately before and after the trespass. *Id.* at 96. The court reasoned that the value of ornamental and shade trees in their severed state, considered apart from the land, would not be adequate compensation for the trespass. *Id.* at 95.

Likewise, damages for trespass were set out in *Smith v. Woodard*: "The measure of damages to real property, where the prop-

erty can be restored to its former condition, is the difference in its fair market value before and after the injury, or the cost of restoring it, *whichever is less.*" 15 S.W.3d 768, 773 (Mo.App. S.D.2000)(emphasis added). Although there was evidence of the cost of restoring the property, there was no evidence of the fair market value before and after the injury.

Respondents argue that there was competent evidence of the fair market value of the "thing" taken, i.e., the value of just one pin oak was $3,700.00. Because twenty-seven pin oaks were destroyed, Respondents argue that the damages are within the acceptable range of damages. The problem with Respondents' argument is that the value of the trees and bushes must be established in their "severed state." *See Breiding*, 800 S.W.2d at 793; *Brand* 15 S.W.3d at 407. There was no evidence as to the value of the trees or bushes in their severed state. There was evidence that the destroyed trees and bushes had no substantial market value, therefore, the fair market value of the property before and after the trespass must be determined by the trial court. On remand, the trial court is free to use the values of the cost of restoring the property already entered into evidence but the court must determine the difference in fair market value before and after the injury to determine which of the methods provides for the lesser amount of damages.

The judgment is reversed and the cause remanded for the trial court to determine, consistent with this opinion, Plaintiffs' damages as a result of Respondents' trespass.

BARNEY, C.J., AND GARRISON, J., concur.