Warren D. NICHOLS, et al.,
Plaintiffs-Appellants,

v.

Carl J. BOSSERT, et al.,
Defendants-Respondents.

No. 51598.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 31, 1987.

case was reversed.

Ray A. Gerritzen, St. Louis, for plaintiffs-appellants.

Bryan L. Hettenbach, Clayton, William F. James, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

Appellants, Warren and Dorothy Nichols, brought this action alleging their property had been seriously damaged as a result of water run-off from a ditch created by the adjacent land owners. In this court tried case, the judge found for appellants and awarded them one thousand dollars in damages and granted an injunction requiring the respondents to fill in the ditch within ninety days.

Appellants' appeal is based on their allegations the trial court erred in its award of damages and in failing to schedule oral argument on appellants' motion to amend the judgment, prior to the court's denial of that motion. With regard to their contention that the court erred in its award of damages, appellants allege first that they proved they had sustained twenty to twenty-five thousand dollars in damages, and there was no substantial evidence to support an award of only one thousand dollars. Additionally, appellants allege the trial court erred in basing its award of damages on the cost of repairing the damage to their property, rather than on the diminution in the property's market value that allegedly resulted from the damage. They also contend the trial court erred in awarding damages prior to the time the ditch on respondents' property was actually eliminated. In their final point on damages, appellants assert the trial court erred in failing to require the respondents to pay the fees of appellants' experts and attorney fees. We affirm.

Both appellants testified that because of erosion caused by the ditch, the value of their property had been reduced by twenty to twenty-five thousand dollars. They also testified that their erosion problems and water damage to their house had resulted

from the ditch. They called Thomas O'Toole, a real estate broker, who estimated the appellants' property was worth approximately $140,000, but if the drainage and erosion problems were corrected, it would be worth approximately $160,000. However, the evidence revealed the parties' street is on a hill with each of the properties to the east having a slightly higher elevation than the property next to it on the west. Both the civil engineer called by the appellants and the civil engineer called by the respondents testified the water from respondents' property would run onto appellants' property even in the absence of the ditch; just as the run-off from the property to the east of respondents' property would run onto their property.

Appellants' expert testified only that the ditch changed the speed and, to a certain extent, the direction of the run-off. He testified that the closing of the ditch would not completely solve appellants' run-off and erosion problems. Respondents testified appellants' had had a run-off and erosion problem prior to construction of the ditch. Mr. Bossert also stated prior to the construction of the ditch, he had seen Mr. Nichols bailing water out of his basement window wells. Even appellants' admitted before the creation of the ditch, they had had some water problems, including some erosion in certain areas of their property.

The trial court, and not this court, is the final arbiter of the facts. This court is free to reverse the judgment of the trial court only if there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We are free to reverse the trial court's decision as against the weight of the evidence only if we have a firm belief the judgment is wrong. *In re Marriage of Campbell*, 685 S.W.2d 280, 283 (Mo.App.1985); *Community Title Company v. Roosevelt Federal Savings*, 670 S.W.2d 895, 900 (Mo.App. 1984).

■ In the case *sub judice*, the evidence was sufficient to support the trial court's conclusion the ditch had increased the velocity of the run-off onto appellants' property and should therefore be abated, but the creation of the ditch was not the primary cause of the appellants' run-off and erosion problems.

The trial court had before it evidence concerning the cost of obtaining top soil and the cost of spreading it to repair erosion damage, as well as pictures indicating the nature of the damage. It also had before it conflicting evidence concerning the extent of damage caused by the ditch. It resolved those conflicts and specifically found "a very minimal amount of damage" resulting from the creation of the ditch and it therefore awarded only one thousand dollars in damages. That finding is supported by substantial evidence and it is not against the weight of the evidence. Since the trial court concluded the injury was slight and capable of repair, the proper measure of damages was the cost of repair.[1] The trial court so held in its findings of fact and conclusions of law. Appellants' first and second points are without merit.

■ The trial court also did not err in ascertaining damages before the ditch was filled. Triers of fact may assess future damages. They can and do award damages to compensate for harm to plaintiffs and expenditures by plaintiffs that are likely to occur in the future because of defendants' actions. Missouri Approved Instruction 4.01 makes a specific provision for awarding damages for harm in the future resulting from defendants' past wrong. The trial court had before it evidence of the effects that could result from the continued existence of the ditch for up to ninety days. Under these circumstances, it was within the trial court's discretion to award damages at the same time it issued its injunction, as opposed to waiting until the injunction had been carried out. We find no abuse of the trial court's discretion.

■ In the absence of a statutory or contractual agreement, a party is not obligated to pay the other party's attorney's fees or to reimburse him for his expert's

---

1. *See Smith v. Norman*, 586 S.W.2d 84, 85–87 (Mo.App.1979).

expenses. The general rule is each party is responsible for paying his own attorney and for paying the fees necessary to bring in experts needed to make his case. Fees are only to be awarded in exceptional circumstances. *Travelers Indemnity Company v. Bruns,* 701 S.W.2d 195, 197 (Mo. App.1985); *Cimasi v. City of Fenton,* 659 S.W.2d 532, 537 (Mo.App.1983). No exceptional circumstances were demonstrated here. It is also within the trial court's discretion to determine whether the balance of equities requires that defendant pay plaintiff's costs. We find no abuse of the trial court's discretion. As a result we find appellants' third and fourth sub-points are devoid of merit.

Finally, we address appellants' contention the trial court committed prejudicial error in not scheduling argument on their motion to amend the judgment. As appellants note, in the absence of a rule or order made under Rule 55.30, a party has the right to be heard before a judgment in his favor is summarily vacated on the court's own motion or on the other party's motion. *Hoppe v. St. Louis Public Service Company,* 361 Mo. 402, 235 S.W.2d 347, 351 (Mo. banc 1950); *Estate of Kibbe,* 704 S.W.2d 716, 717 (Mo.App.1986). However, appellants have cited this court to no authority which requires a trial court to set argument on a motion to amend a judgment before it *denies* the motion.

We note this was a court tried case and appellant's motion pointed out no legal errors in the trial court's judgment and simply sought to reargue the facts. Evidence on each of the points in appellant's motion had been presented at trial. The motion reviews the factual evidence favorable to appellants which was presented at trial, and argues for a higher damage award, but it does not indicate there was any new evidence to be presented.

Had the trial court failed to take any action with respect to appellants' motion, pursuant to Rules 78.06 and 81.05 of the Missouri Rules of Civil Procedure, there would have been no error. The motion would simply have been deemed denied ninety days after it was filed. Clearly, no

oral argument is required before an after-trial motion can be overruled in this manner. Since the trial court was not required to take any action with respect to the motion in order to deny it under the ninety day rule, we cannot say the court erred in denying the motion without oral argument prior to the expiration of the ninety day period.

The judgment is affirmed.

CRANDALL and KAROHL, JJ., concur.