Dorothy GAGE, Plaintiff–Appellant,

v.

Robert TOWNSEND & Lucille Townsend, his wife, Dickie Townsend & Carmelita Bierman, Defendants–Respondents.

No. 18099.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 4, 1993.

Abe R. Paul, Rhoades, Paul and Paul, Pineville, for plaintiff-appellant.

John R. Sims, Ruyle and Sims, Neosho, for defendants-respondents.

PREWITT, Judge.

Plaintiff sought to establish title to 1.4 acres by adverse possession. Following nonjury trial, judgment was entered in favor of defendants.

Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990). This court sets aside a judgment on the grounds that it is against the weight of the evidence only when the court has a firm belief that the judgment is wrong. *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo.App.1990).

Due regard is given to the trial court's determination of the credibility of witnesses. Rule 73.01(c)(2). The trial judge is in a

better position than this court to determine the credibility of the parties and witnesses, their sincerity, character and other intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979).

To establish title to real estate by adverse possession, the party must show possession that is: "(1) hostile, that is, under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous, over the statutory period." *Counts v. Moody*, 571 S.W.2d 134, 138 (Mo.App.1978). The statutory period here is 10 years. § 516.010, RSMo 1986. Whether the burden has been met depends upon the facts of each case, with consideration being given to the nature and location of the property, the uses to which it is put, the intent of the parties and the facts and circumstances of the possession and use. *Counts*, 571 S.W.2d at 138.

In 1978 plaintiff and her husband, now deceased, purchased land which they believed included the disputed strip. The deed described land adjoining the strip, but did not include the strip itself. Plaintiff's predecessor bought the property in 1966 from defendant's predecessor. In 1969 he built a barn in the disputed area and erected a fence along a portion of the area, enclosing what he believed to be his land. He used a driveway in the disputed area, and also used the area for agricultural purposes.

Plaintiff and her husband continued to use the disputed property. They improved the driveway which goes across the strip, used a portion of the area as a yard, and also used the disputed area for agricultural purposes. They placed a satellite dish within the strip in the early 1980's.

In 1985 defendant Dickie Townsend had the property surveyed and testified that he discussed the encroaching fence with appellant's husband. Townsend testified they agreed to leave the fence and the property's use as it was. Although defendant Dickie Townsend claims to have known appellant and her husband did not own the strip of land, he asked them for an easement over the land. The easement was denied and Townsend took no action

against appellant and her husband. This dispute started following a survey in October 1989 requested by appellant as a requirement for a contract to sell her farm. Plaintiff's petition was filed January 31, 1990.

From comments made on the record, the principal issue at trial was whether plaintiff, her husband, and their predecessor were possessing the property under a claim of right or whether they were using it by consent of defendants. Apparently the trial court found this issue adverse to plaintiff.

Consent is also the principal contention made here by defendants. They say the trial court's decision is correct because the evidence indicated "that appellant's possession of the disputed property was not hostile and notorious and under claim of right".

The evidence established that possession was "notorious" for over ten years. Notorious possession is shown if "visible and notorious acts of ownership are exercised over the premises for the time required by the statute." *City of South Greenfield v. Cagle*, 591 S.W.2d 156, 160 (Mo.App.1979). "Nothing could be more open and notorious than the presence of a house [or a barn?] on the property." *Dorner v. Wishon*, 809 S.W.2d 866, 869 (Mo. App.1991).

The "hostile" requirement is satisfied when the party occupies the land intending to occupy it as his own. *A. Charles Bussen Trust v. Kertz*, 723 S.W.2d 922, 929 (Mo.App.1987). "Ignorance of the boundary line is irrelevant as an intent to take away from the true owner is not necessary". *Id.*

It is obvious that at the time plaintiff's predecessor built the barn and put a fence along a portion of what he thought was the boundary line, he was claiming the disputed property. It was undisputed that plaintiff and her husband bought the land thinking that the description in the deed included the barn and the remaining portion of the disputed property. There is no evidence that either plaintiff or her prede-

cessor changed their intent to claim the property as their own.

■ Once adverse possession is shown, it is presumed, in the absence of evidence to the contrary, to continue in the possessor. *See and cf. Cagle,* 591 S.W.2d at 159. To interrupt adverse use, the other party must take some action showing an intention to assert dominion over the property and against the adverse user. *Dorner,* 809 S.W.2d at 869. No such action was taken by defendants.

This court has a firm belief that the judgment was wrong. The weight of the evidence, indeed all the credible evidence, established the necessary elements for adverse possession. *Cf. Witt v. Miller,* 845 S.W.2d 665 (Mo.App.1993).

The judgment is reversed and the cause remanded to the trial court with directions that it enter judgment quieting title in plaintiff to the property in dispute.

FLANIGAN and GARRISON, JJ., concur.