Melba **ANDERSON, Plaintiff–Appellant,**

v.

**Arthur HOWALD and Susie Howald, his wife, and J. Kent Howald and Elizabeth Howald, his wife, Defendants–Respondents.**

Melba **ANDERSON, Plaintiff–Respondent,**

v.

**Arthur HOWALD and Susie Howald, his wife, and J. Kent Howald and Elizabeth Howald, his wife, Defendants–Appellants.**

Nos. 19466, 19484.

Missouri Court of Appeals, Southern District, Division One.

April 17, 1995.

---

8. She does not explain how this conclusion was reached.

Richard Boardman, St. Louis, for appellant.

Donald A. Hale, Steelville, for respondents.

FLANIGAN, Judge.

Plaintiff Melba Anderson brought this action against defendants Arthur Howald and Susie Howald, his wife, and J. Kent Howald and Elizabeth Howald, his wife.

The petition alleged: Plaintiff is the owner of certain real estate (Tract 1) located in Crawford County. Defendants own a "nearby" tract of land. Since 1949, a pathway, approximately 7 feet wide, has run diagonally across Tract 1. Plaintiff and her predecessors in title allowed the permissive use of the pathway by defendants and their predecessors in title from 1949 through the filing of this action. On April 1, 1991, defendants exceeded the permissive use of the pathway by entering upon Tract 1 with a bulldozer or other earth-moving machinery. During such entry, defendants cut down, injured, or destroyed trees on both sides of the pathway, which trees were growing there for use, shade, or ornament. Defendants scraped, dug up, and moved stones and other material from the surface of the pathway. The acts of defendants were adverse, open, notorious, and hostile to plaintiff's title. Defendants acted under a claim of right of a prescriptive easement for ingress and egress from a public road to their property, and such claim constitutes a cloud on plaintiffs' title. Defendants have no right, title, or interest in the pathway other than such permissive use which plaintiff may grant from time to time.

The foregoing allegations were incorporated in each of the three counts of the petition.

In Count I, plaintiff prayed for judgment quieting title to Tract I in plaintiff "free of any unrecorded easements or other interests." The prayer of Count II was that the court enjoin defendants from destroying or injuring trees or other vegetation adjoining the pathway or in any way altering the pathway.

Count III contained these additional allegations: Defendants' acts have damaged the pathway by causing erosion and wash-out and have destroyed the vegetation for a width of 20 feet on both sides of the pathway. Defendants had no interest in the trees they destroyed, and defendants do not own the land on which the trees or other vegetation stood. As a result of defendants' acts, plaintiff has been injured in the loss of the fair market value of the trees which defendants destroyed, and in the loss of the value of the pathway from erosion. The prayer of Count III was that the court determine the fair and reasonable value of the trees destroyed and award damages "of treble the amount."

The answer of defendants Arthur Howald and Susie Howald admitted that they owned an interest as life tenants in land "adjacent to" Tract 1. The answer generally denied the allegations of the petition and also pleaded: For more than 50 years, defendants and their predecessors in title have utilized for ingress and egress a roadway over Tract 1 for access to defendants' land. The use of the roadway has been open, adverse, continuous, visible, uninterrupted, under claim of right, and with notice to plaintiff and her predecessors in title. The roadway is approximately 30 feet in width and has been maintained by defendants for approximately 30 years. All actions and use of the roadway have been based on a prescriptive easement, which matured more than 30 years ago. Arthur Howald pleaded, additionally, that at various times over the last 30 years he has maintained the roadway. Said maintenance included the removal of vegetation which encroached thereon and restricted the reasonable and customary use of the roadway. He has also repaired the effects of erosion by grading and leveling the roadway.

The answer of defendants J. Kent Howald and Elizabeth Howald admitted that they own an interest, as remaindermen, in land "adjacent to" Tract 1. In other respects, their answer was essentially the same as the answer of the co-defendants.

Defendants filed a counterclaim in which they alleged: Defendants and their predecessors in title had, for more than 50 years, utilized the roadway over Tract 1 for ingress

and egress to the defendants' lands. The roadway is approximately 30 feet in width, and defendants and their predecessors have acquired, by prescription, an easement over it. Plaintiff has attempted to prevent defendants from utilizing the roadway by placing a gate across it. The prayer of the counterclaim was that the court decree that the defendants are owners by prescription of an easement over the roadway and that the court enjoin plaintiff from blocking it or placing a gate across it.

Following a nonjury trial, the court entered judgment which found in favor of plaintiff and against all defendants on Count I and Count II; found in favor of plaintiff and against defendants Arthur Howald and Susie Howald on Count III and assessed plaintiff's damages at $6.40; and found in favor of plaintiff and against all defendants on the counterclaim. The judgment found that the previous usage of the roadway was permissive, that the permission [of plaintiff] has been withdrawn, and that the roadway no longer exists.

Both sides appeal. Plaintiff's appeal is No. 19466. Defendants' appeal is No. 19484. The appeals have been consolidated and will be dealt with separately.

### No. 19466—Plaintiff's Appeal

Plaintiff's first point is that the trial court erred: (a) in failing to include the legal description of the land in its ruling on Count I, and (b) in failing to file detailed findings of fact and conclusions of law after timely request by plaintiff.

■ Subpoint (a) is meritorious. In a quiet title action, the judgment must describe with reasonable certainty the real estate affected by the decree. *First State Savings Bank v. Peters,* 797 S.W.2d 574, 575[2] (Mo. App.1990); *Keen v. Dismuke,* 667 S.W.2d 452, 453[3] (Mo.App.1984). This defect will be corrected on remand.

Subpoint (b) is not supported by the record on appeal. Although plaintiff's brief states that plaintiff's counsel made a timely request to the court for findings of fact and conclusions of law, pursuant to Rule 73.01(a)(3),[1] the brief also says: "The transcript does not reflect this specific request." Further, the record on appeal does not reflect any request for findings by the court "on such controverted fact issues as have been specified by counsel." Rule 73.01(a)(3). Subpoint (b) has not been preserved for appellate review.

■ Plaintiff's second point is that the trial court's ruling on Count II of the petition is defective because it does not comply with Rule 92.02(d), which reads, in pertinent part: "Every order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the petition or other document, the act or acts sought to be restrained...."

■ This point is meritorious. An injunction must clearly and specifically describe the acts and things enjoined so as not to be subject to misunderstanding and confusion by those against whom it is directed. *Farmer's Mut. Fire Ins. Co. v. Farmer,* 795 S.W.2d 104, 109[7] (Mo.App.1990). To similar effect see *Blackburn v. Richardson,* 849 S.W.2d 281, 292–293 (Mo.App.1993); *Concannon v. Hanley Dev. Corp.,* 769 S.W.2d 183, 188[5] (Mo.App.1989). The judgment on Count II does not do so. This defect will be corrected on remand.

■ Plaintiff's third point is that the damage award of $6.40 on Count III of the petition is inadequate and against the substantial weight of the evidence, and the court applied the incorrect test of stumpage value of the timber destroyed in assessing the damages under § 537.340.

Both sides agreed that prior to 1991 a pathway or roadway crossed Tract 1 owned by plaintiff and had been used for many years by defendants and their predecessors in title. Plaintiff's evidence was that defendants' use of the roadway was permissive. Defendants attempted to establish that they had an easement by prescription. Defendant

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1994, V.A.M.S.

Arthur Howald admitted that in 1990 his employee bulldozed trees outside the width of the roadway, so as to permit the passage of larger vehicles. Arthur Howald and Susie Howald, his wife, were jointly engaged in a farming operation on their nearby land.

The record supports the finding of the trial court that defendants' use of the roadway was permissive, that the bulldozing done by Arthur Howald's employee exceeded the scope of permission and, as a result, the permission of plaintiff was withdrawn and defendants no longer have permission to use it.

A survey was prepared by surveyor Jim Adams for plaintiff. Adams testified that the width of the roadway was approximately 10 feet, and that the area of the land which was bulldozed was .79 acre, which included the roadway which was originally there. Of the .79 acre, the 10–foot existing roadway would take up approximately .30 acre, leaving approximately .49 acre which was bulldozed and which was outside the original roadway.

Plaintiff sought recovery of treble damages under § 537.340, which reads, in pertinent part: "If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, or any timber, rails or wood standing, being or growing on the land of any other person ... the person so offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs."

Each side produced an expert witness on the issue of plaintiff's damages. Plaintiff's expert was Warren Kincaid, Jr. Defendant's expert was Frank Meyers. Their testimony included the following:

Warren Kincaid, Jr.: I am a forestry consultant. On June 5, 1993, I inspected this land and the roadway which runs about a quarter of a mile through the woods. My purpose was to determine the value of the trees which had been pushed over or cut within the areas bounded by the survey provided me by plaintiff. I took photographs. There were 177 trees pushed over by the bulldozer. These are trees that may not have significant timber or lumber value. I used an appraisal method developed by the International Society of Arboriculture to determine the value of amenity trees. My conclusion is the trees were worth $3,204.

Frank Meyers: I am a private consulting forester. On June 23, 1993, at the request of defendant Arthur Howald, I evaluated the damages on the roadway. The average width of the old roadway was 12 feet. The average width of the disturbed area, or bulldozed area, was 25 feet. The bulldozed area, outside the original roadway, was .44 acres. I counted the trees which had been pushed over and identified them by size class and by species. There were 67 trees pushed over. These trees appeared to have been alive. There were also three culls and eight snags. Most of the trees which were knocked down had no value. Of the 67 trees, I found only two trees which were white oak. I estimated that at age 70, 38 years hence, these two trees would have a board volume of 100 board feet. We valued the average timber in this area at $70 a thousand. The average age was 32. The average value for a year was 10 cents. Multiplying that by 32, I came out with $3.20. Since there were two such trees, that adds up to $6.40. Using a different approach, I came up with a value of $359.14, "so what I'm saying is our calculations indicate a damage somewhere between $6.40 and $359.14."

■ Section 537.340 does not require that the offending party enter the land wrongfully. *Segraves v. Consol. Elec. Coop.*, 891 S.W.2d 168, 170[3] (Mo.App.1995); *McNamee v. Garner*, 624 S.W.2d 867, 868[3] (Mo.App. 1981). A person can violate the statute in one of two ways. He can enter the land wrongfully and fell the trees, or he can enter with the landowner's consent and then exceed the scope of that consent by felling trees without permission. *Id.*

In *Breiding v. Wells*, 800 S.W.2d 789 (Mo. App.1990), this court said, at 791–792:

"Ordinarily, the measure of damages in a § 537.340 action is the market value of the property at the time it was removed from the land. Mo. Damages, § 15.55 (Mo.Bar 1988); *Giudicy v. Giudicy Marble, Terrazzo & Tile Company*, 329 S.W.2d 664, 669 (Mo.1959). *See also Keener v.*

*Black River Electric Co–Operative,* 469 S.W.2d 657, 659 (Mo.App.1971). However, in at least one instance, this court approved the use of before and after values of the real estate as a measure of damages in a § 537.340 action where the things taken, injured, or destroyed by a willful trespass have no substantial market value, when considered in their severed state. *Barnes v. Arkansas–Missouri Power Co.,* 220 Mo.App. 141, 149–50, 281 S.W. 93, 96 (1926). The reasoning in *Barnes* for using before and after values of the land as a § 537.340 measure of damages, in certain limited instances, is sound."

Plaintiff offered no evidence to show the "before and after values" of the real estate.

 In this nonjury action, the scope of appellate review is prescribed by Rule 73.01(c) as construed in *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo.banc 1976). This court must affirm the judgment if it is supported by substantial evidence and it is not against the weight of the evidence, and it does not erroneously declare or apply the law. "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Id.* at 32[2].

Examination of the evidence dealing with damages to plaintiff's trees, including uncontested photographic evidence, leads this court to the conclusion that the award of $6.40 to plaintiff on Count III is not supported by substantial evidence, is against the weight of the evidence, and is inadequate. Moreover, § 537.340 entitles plaintiff to recover from defendants Arthur Howald and Susie Howald "treble the value of the things so injured, broken, destroyed or carried away," and that was not done.

The portion of the judgment on Count III assessing liability against defendants Arthur Howald and Susie Howald is supported by the evidence, and that issue need not be retried. "No new trial shall be ordered as to issues in which no error appears." Rule 84.14. The portion of the judgment on Count III which awards plaintiff damages in the sum of $6.40 is reversed and the cause is remanded for new trial on the issue of plaintiff's damages only.

 Plaintiff's fourth point is that the trial court erred in denying plaintiff's request to tax, as costs, expenses incurred by plaintiff for expert witness fees and expenses. The experts were surveyor Jim Adams, forestry consultant Warren Kincaid, Jr., and abstractor-title searcher Sarah Sobolewski.

"In the absence of a statutory or contractual agreement, a party is not obligated to pay the other party's attorney's fees or to reimburse him for his expert's expenses. The general rule is each party is responsible for paying his own attorney and for paying the fees necessary to bring in experts needed to make his case. Fees are only to be awarded in exceptional circumstances."

*Nichols v. Bossert,* 727 S.W.2d 211, 213–214[3] (Mo.App.1987).

*Nichols* is a decision of the Eastern District. In *McClue v. Epsten,* 492 S.W.2d 97 (Mo.App.1973), an opinion by the Western District, the court, rejecting an attempt by plaintiff to have the fee of his expert witness taxed as costs, said, at 98[2]:

"What is involved here is an attempt by a party to obtain reimbursement in the guise of costs of amounts spent by him in the preparation of his case through the employment of an expert witness. Plaintiff cites no statute of this State authorizing the taxation of this type of expense as costs. Independent research discloses no Missouri statute authorizing the allowance of this expert witness expense as costs, other than the allowance of the usual daily witness fee payable to all ordinary witnesses under § 491.280 V.A.M.S.

*City of St. Louis v. Meintz,* 107 Mo. 611, 18 S.W. 30, l.c. 31, applies to expenses of obtaining expert witnesses the controlling principle mentioned above:

'It is therefore too clear to admit of any doubt that the words "costs of proceedings" do not embrace counsel fees, nor allowances to expert witnesses beyond the *per diem* fees, nor the other expenses rejected by the court. The

words include the ordinary fees prescribed by law, and compensation to the commissioners, but not such expenses as are claimed by these defendants.'

There being no statutory authority for the allowance of these accountant fees as costs, the trial court had no choice but to rule as he did in refusing to tax these expenses as costs to be paid by the defendants."

This court agrees with the reasoning in *McClue.* To similar effect see *State v. D.S.,* 606 S.W.2d 653, 654 (Mo.banc 1980); *B___ v. B___,* 673 S.W.2d 819, 824–825[12] (Mo. App.1984). Plaintiff's fourth point has no merit.

Defendants filed a motion to dismiss plaintiff's appeal on the ground that it was untimely. Plaintiff's appeal was timely. The motion is denied.

The judgment with respect to Count I and Count II is affirmed, but remand is necessary to correct the formal deficiencies previously mentioned. On remand, the trial court is directed to amend the judgment on Count I so as to include the legal description of Tract 1. The trial court is directed to amend the judgment on Count II so as to comply with Rule 92.02(d). With respect to the judgment on Count III, the portion assessing plaintiff damages in the amount of $6.40 is reversed and the cause is remanded for new trial on the issue of damages only. That portion of the judgment on Count III finding defendants Arthur Howald and Susie Howald liable to plaintiff is affirmed.

The cause is remanded for further proceedings consistent with this opinion.

### No. 19484—Defendants' Appeal

■ Defendants' sole point reads: "The trial court erred in its judgment, wherein it entered judgment for plaintiff against all defendants on Count I and wherein it entered judgment for plaintiff on defendants' counterclaim, because the rulings were against the weight of the evidence and erroneously applied the law."

Defendants' point preserves nothing for appellate review. The point does not comply with Rule 84.04(d), which reads in pertinent part: "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous.... Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

In *Jones v. Wolff,* 887 S.W.2d 806 (Mo.App. 1994), the court said, at 808[6, 7]:

"The three components of a point relied on are: a concise statement of the challenged ruling of the trial court; the rule of law the court should have applied; and the evidentiary basis upon which the asserted rule is applicable. Points which do not state what ruling of the trial court is challenged nor provide a proper evidentiary basis, but instead set out abstract statements of law, preserve nothing for appeal." (citations omitted).

■ Although the point is deficient, this court, in its discretion, may review to determine if plain error affecting substantial rights has occurred which resulted in manifest injustice or miscarriage of justice. *La-Rose v. Letterman,* 890 S.W.2d 347, 350[3] (Mo.App.1994); Rule 84.13(c).

A gratuitous examination of the argument portion of defendants' brief shows they contend that their evidence that they had an easement by prescription to use the roadway, was more credible than plaintiff's evidence that defendants' pre–1991 use of the roadway was permissive.

Examination of the record on appeal in light of the scope of appellate review permitted by Rule 73.01(c), as construed in *Murphy,* at 32[1–3], shows that, with regard to the issues sought to be raised by defendants' point, the judgment is supported by substantial evidence, it is not against the weight of the evidence, and it does not erroneously declare or apply the law.

Defendants' appeal is dismissed.

SHRUM and MONTGOMERY, JJ., concur.