Melba ANDERSON, Plaintiff–Appellant,

v.

Arthur HOWALD, Susie Howald, J. Kent Howald and Elizabeth Howald, Defendants–Respondents.

No. 20149.

Missouri Court of Appeals, Southern District. Division Two.

Nov. 16, 1995.

Richard Boardman, St. Louis, for appellant.

Donald A. Hale, Steelville, for respondents.

PARRISH, Judge.

Melba Anderson (plaintiff) appeals a judgment quieting title to certain real estate in Crawford County, Missouri, to which she claimed title by adverse possession. The judgment declares the owners of the disputed tract of land to be Susie Howald, J. Kent Howald and Elizabeth Howald (defendants). This court affirms.

Defendants hold record title to the disputed tract, a triangular parcel of land containing approximately 800 square feet. It provides an access route to other real estate defendants own that lies northerly and northeasterly of real estate plaintiff owns. Defendants have a 40–foot–wide easement for ingress and egress that crosses plaintiff's property. The eastern boundary of the easement tract adjoins the western boundary of the disputed tract.

The western boundary and the northern boundary of the disputed tract are each 40 feet long. The northern boundary adjoins defendants' other real estate.

Defendants had not used the disputed tract to gain access to their other real estate until shortly before the trial of this case. Defendants had other access to their real estate across land owned by plaintiff until plaintiff placed a gate across the access and withheld permission for defendants to cross the property. *See Anderson v. Howald,* 897 S.W.2d 176 (Mo.App.1995).

Plaintiff asserts one point of error by this appeal. She contends, "The trial court erred in its ruling granting judgment for defendants on plaintiff's petition to quiet title, because plaintiff established her title to the disputed tract by adverse possession, and the court entered judgment against the substantial weight of the evidence."

Rule 84.04(d) states, "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous,...." Plaintiff's point does not comply with the rule.

Plaintiff's point fails to state what was before the trial court that supports her conclusion that she acquired title to the disputed tract of real estate by adverse possession. The point does not clearly state "wherein" the trial court's ruling is erroneous. *See Thomas v. Smithson,* 886 S.W.2d 951, 952 (Mo.App.1994); *Dycus v. Dycus,* 806 S.W.2d 750, 753 (Mo.App.1991).

"The requirements of Rule 84.04(d) are mandatory." *Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo.App.1988). Points failing to provide a proper evidentiary basis for the ruling that is asserted should have been made preserve nothing for appeal. *Anderson v. Howald,* 897 S.W.2d at 182; *Jones v. Wolff,* 887 S.W.2d 806, 808 (Mo.App. 1994).

Notwithstanding the failing of plaintiff's point of error, this court has, as permitted by Rule 84.13(c), examined the argument portion of plaintiff's brief to determine if the trial court committed plain error affecting substantial rights that may have resulted in a manifest injustice or miscarriage of justice. *See Gill v. Farm Bureau Life Ins. Co. of Missouri,* 856 S.W.2d 96, 97 (Mo.App.1993). That review discloses no plain error.

Plaintiff's brief identifies the five elements required to establish adverse possession: occupation of the disputed tract of real estate that was (1) hostile, i.e., under a claim of right, (2) actual, (3) open and notorious, (4)

exclusive, and (5) continuous for the requisite statutory period. *Gage v. Townsend,* 846 S.W.2d 769, 770 (Mo.App.1993). It then identifies evidence presented at trial that plaintiff contends was sufficient to establish each of the elements.

■ The record on appeal discloses, in addition to the evidence plaintiff asserts would have permitted the trial court to have found in plaintiff's favor, evidence that supports the judgment. "On appeal, in considering the sufficiency of the evidence, this court accepts as true the evidence and permissible inferences favorable to the judgment and disregards contradictory evidence." *Luna v. Smith,* 861 S.W.2d 775, 780 (Mo.App.1993).

Questions as to the weight of the evidence are not subject to appellate review. *Nash v. Ozark Barbeque, Inc.,* 901 S.W.2d 353, 357 (Mo.App.1995).

No error appears. The judgment is affirmed.

SHRUM, C.J., and CROW, J., concur.