**Mark and Robin MEEK, Appellants,**

v.

**Elmer Ray and Virginia Foster RALSTON, Respondents.**

**No. WD 50970.**

Missouri Court of Appeals, Western District.

March 26, 1996.

David Lindberg, Kansas City, for appellants.

John R. Cady and Zel. M. Fischer, Platte City, for respondents.

Before SPINDEN, P.J., and BERREY and LAURA DENVIR STITH, JJ.

SPINDEN, Presiding Judge.

Ridgley neighbors Mark and Robin Meek and Elmer and Virginia Ralston are fighting over a narrow, "L"-shaped strip of land. The strip is on the Meeks' side of a fence erected by the Ralstons in 1974. The strip is 2½ feet wide on the west side of the Meeks' property and 6½ feet wide on the south side.

The battle began when the Meeks filed a petition to quiet title on the land in which they sought to establish that they owned it by adverse possession. The Ralstons counterclaimed by asking the circuit court to eject the Meeks from the land. The circuit court ruled for the Ralstons, and the Meeks appeal. We affirm.

The Meeks bought their property, on the southwest corner of Route B and Ridgley Road, in October 1983. Their deed described their lot as measuring 34 feet by 83 feet. On the tract was a storefront building which had been converted to a residence. The Ralstons' adjacent property, owned by them since 1964, was cattle pasture.

The parties' version of the facts were very contradictory. Consistent with the proper standard for reviewing the sufficiency of evidence, we consider only the facts which support the circuit court's ruling and ignore the rest. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). Although this is a case of adverse possession, its determination turns not so much on an application of property law as on basic rules of trial advocacy. The Meeks lost because the circuit court did not believe their version of the facts. The circuit court, as the trier of fact, was free to believe any part or none of the testimony of any witness. *Id.*

The circuit court accepted the Ralstons' version of the facts. They told the circuit court that when they decided in 1974 to put a fence around their pasture, their son discussed the matter with Clifton Porter who then owned the Meeks' property. He told Porter that the Ralstons would not be placing the fence on the property line.

Because the Meeks had owned the property for less than 10 years when they sued for adverse possession, they had to rely on the use of the disputed land by their predecessors in title to establish their claim. In July 1956, Porter bought the property and sold it in January 1977 to Richard and Katherine Sharp[1] who sold it to the Meeks in October 1983.

The Ralstons, their son and two other witnesses testified that when the Sharps lived on the property, they did nothing which would have put the Ralstons on notice of their claim to the land. They testified that they never noticed any difference in the land around the fences until the Meeks occupied the property.

The circuit court found that the Meeks did not meet their burden of proving adverse possession of the disputed areas and granted the Ralstons' counterclaim for ejectment. The circuit court explained:

> The Court ... finds that the land in the disputed area was bare ground and was not maintained prior to the [Meeks'] purchasing the property.
>
> . . . .
>
> The [Ralstons] did not have actual knowledge, until shortly before this lawsuit was filed, that the [Meeks] or their predecessors in title were claiming the disputed property. The use of the disputed property by the [Meeks'] predecessors in title was not so obvious and well recognized as to authorize a presumption that [the Ralstons] had knowledge of possession by the [Meeks'] predecessors in title.
>
> . . . .
>
> The evidence established that after Randy Ralston constructed the fence in 1974, the propane tank was at least two ... feet from the fence on the west side of the

property. Mr. Sharp, one of [the Meeks'] predecessors in title, gave sworn pre-trial testimony that the propane tank was only 1½ feet away from the south fence line. The court finds that the exact location of the propane tank throughout the requisite period necessary for adverse possession, if the propane tank was on the disputed area, cannot be identified in such a way that the boundaries may be ascertained and recognized.

The Meeks first contend that the evidence clearly showed that they and the Sharps used the disputed areas as part of their yards for more than 10 years and that they met the requirements of adverse possession. We agree that the Meeks made a submissible case, but they failed in their burden of persuading the circuit court that it should accept their version of the facts instead of the Ralstons' version. The Meeks seem to be asking this court to reweigh the evidence. This would be inappropriate appellate review.

The Ralstons' evidence was sufficient to support the circuit court's judgment. The circuit court's reliance on it was not contrary to the overwhelming weight of the substantial and competent evidence in the whole record. We must, therefore, affirm the circuit court's judgment. *Gage v. Townsend,* 846 S.W.2d 769 (Mo.App.1993).

The Meeks also quarrel with the circuit court's finding that the propane tank may not have been located in the disputed area at all times. They contend that the evidence established that the tank was never entirely outside the disputed area.

Again, the tank's location was greatly disputed. The circuit court heard widely varying testimony. We fully understand the circuit court's reluctance to find that it was in the disputed area.

The Meeks argue:

[We] are unaware of any case which limits the claim of the adverse possessor solely to the exact spots within the claimed area where individual permanent improvements

---

1. Katherine Sharp is Mark Meek's sister.

remained more than ten years. Although proof of actual and hostile possession of the claimed area is required, specific examples of use or improvement at specific places and times within the disputed area are simply evidence supporting the claim to the whole.

The Ralstons argue that the circuit court seemed to recognize that the Meeks may have had a claim as to the area below the propane tank, but, to be entitled to that property, they would have had to establish the precise location of the land claimed. We agree. *Eakins v. Sadler*, 683 S.W.2d 303, 307 (Mo.App.1984).

The Meeks contend that "the presence of a fence separating the lands occupied by the opposing parties seems to allow the whole area in dispute to be seen and treated as a unit, without the claim of adverse possession being whittled down to precise spots where flowers were planted, or a building put up." In support, they cite *Witt v. Miller*, 845 S.W.2d 665 (Mo.App.1993); *Gage*, 846 S.W.2d at 769; and *Slentz v. Cherokee Enterprises, Inc.*, 529 S.W.2d 495 (Mo.App.1975). The courts in those cases found that, unlike this case, the parties claiming adverse possession had maintained, improved or used the disputed areas in an open and notorious manner.

In our case, although the Sharps contended that they used the disputed areas as part of their backyard, the circuit court was free to disbelieve their testimony and to rely instead on the Ralstons' contradictory evidence. Hence, even if, *arguendo*, the propane tank did encroach on a portion of the disputed area, this did not necessarily establish the Meeks' right to the entire disputed area.

We, therefore, do not have a firm belief that the circuit court erred in denying the Meeks' claim for adverse possession; hence, we affirm the circuit court's judgment. Because we reach this conclusion, we need not address the Meeks' remaining contentions.

All concur.