

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| D. W., | ) | No. ED101982 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. Ellen H. Ribaudo |
| J. O., | ) | |
| | ) | Filed: |
| Appellant. | ) | September 22, 2015 |

This appeal arises from the judgment of the circuit court ordering D.W. ("Father") to pay some of the attorney fees incurred by J.O. ("Mother") while litigating custody of the parties' minor child and awarding Father the child income tax exemption. On appeal, Mother claims error on both of those issues and also challenges the process by which the circuit court entered that judgment on the findings of the family court commissioner. We affirm.

Father filed a petition for custody of the child, and the case was assigned to a family court commissioner. The parties reached an agreement on custody and visitation and submitted only the issues of attorney fees and the tax exemption to the commissioner. The commissioner held a hearing on those issues. The commissioner entered her recommendation—that Father be ordered to pay Mother $5,000 in attorney fees and that Father be awarded the child income tax exemption—on a pre-printed child custody and support form judgment, which also included all of the issues the parties had agreed upon. The circuit court judge approved and adopted this document as the judgment of the court on the same day the commissioner had signed it. It is

undisputed that the parties did not receive notice of the commissioner's decision before the circuit court judge adopted it as the judgment of the court. Rather, the parties received a copy of the judgment—one and the same as the commissioner's decision—a few days after the judge signed it.

Thereafter, Mother filed a motion to amend the judgment to more accurately reflect the parties' agreement regarding custody and visitation. This motion did not address the issues of attorney fees and tax exemption that had been submitted to the commissioner. The motion was heard and granted in an order signed by both the commissioner and the circuit court judge on the same day as the motion was filed. Mother then filed a motion a few days later, seeking a rehearing before a circuit court judge on the tax exemption and the attorney fees award. A different circuit court judge denied that motion the same day it was filed. This appeal follows.

In her first point on appeal, Mother challenges both of the judges' same-day rulings: the entry of judgment on the same day as the entry of the commissioner's decision and the denial of her motion for rehearing the same day it was filed. Mother argues that she should have been given an opportunity to challenge the commissioner's decision before entry of judgment. She also contends that she was entitled to be heard on her motion for rehearing and was precluded from seeking a change of judge as a result of the same-day ruling thereon. She asserts generally that the immediate rulings by the trial judges indicate a lack of careful review of her claims. We disagree. Mother has been given all the process to which she is entitled and has therefore suffered no prejudice.

We begin with a review of the statutes and rules governing these types of family court cases heard by commissioners. Commissioners are authorized to hear family matters under Chapter 487 of the Missouri Revised Statutes. Section 487.030, enacted in 1993, provides that

2

"notice of the findings and recommendations of the commissioner, together with a statement relative to the right to file a motion for rehearing, shall be given to the parties whose case has been heard by the commissioner, and to any other person that the court may direct." Section 487.030.1. This section also provides that the parties "are entitled to file with the court a motion for a hearing by a judge of the family court either within fifteen days after receiving notice of the findings of the commissioner at the hearing or within fifteen days after the mailing, or within fifteen days after other service directed by the court." Section 487.030.2. The statute does not contemplate requesting a rehearing after the judgment is entered. Thus, the statute was construed to require the court to observe a fifteen-day waiting period before adopting a commissioner's findings in order to give the parties their one opportunity to file a motion for rehearing. See Colvin v. Ashley, 995 S.W.2d 35, 37-38 (Mo. App. W.D. 1999). "Failure by the circuit court to observe the fifteen-day waiting period before determining whether to adopt the commissioner's findings nullifies this provision by depriving the parties of a meaningful opportunity to move the court for rehearing." Id. at 38.

But after that case was handed down, Rule 130 was adopted and became effective in 2010. It also governs the practices and procedures before commissioners hearing family law matters and "supersedes all statutes and existing court rules inconsistent therewith." Rule 130.01 and Rule 130.02. Under Rule 130.07, notice of the commissioner's findings and recommendations is required just as it is under the statute. But under the rules it is not notice of *the commissioner's findings* that triggers the fifteen-day period for seeking a rehearing before a judge, it is notice of *the entry of judgment*:

> Unless waived by the parties in writing, a party to a case or proceeding heard by a commissioner, within 15 days after the mailing of notice of the filing of the judgment of the court, may file a motion for rehearing by a judge of the court.

Rule 130.13(a). The rule does not contemplate that a party may request a rehearing before a circuit court judge *prior* to judgment being entered. Rather, the motion for rehearing before a circuit court judge is not due under the rule until *after* the adoption of the commissioner's findings and recommendations and entry of judgment by the circuit court.[1]

Because of the inconsistency between the statute and the rule on this issue, the rule prevails as to the time for filing a motion for rehearing before a circuit court judge. See also Dunkle v. Dunkle, 158 S.W.3d 823, 831 (Mo. App. E.D. 2005) (in family court cases heard by commissioner, fifteen-day deadline in Rule 130.13 supersedes thirty-day deadline for motion for new trial in other rules). Thus, while notice of the commissioner's findings should have been given to the parties under the rule, the failure to do so did not deprive Mother of the opportunity to request a rehearing before a circuit court judge because the rule does not contemplate that type of request being filed until after entry of the judgment.[2] Thus, even if Mother had received notice of the commissioner's findings prior to the entry of judgment, her motion for rehearing was not to be filed until after judgment was entered anyway.

Mother contends that by ruling on this motion for rehearing the same day it was filed, the circuit court deprived her of notice and an opportunity to be heard on the motion. First, the idea that Mother was not on notice of her own motion is absurd. The cases Mother cites on this issue are not applicable because they involved situations in which the court granted one party's motion for new trial without notice to the opposing party. See Albert J. Hoppe, Inc. v. St. Louis Public Service Co., 235 S.W.2d 347 (Mo. banc 1950) and Estate of Kibbe, 704 S.W.2d 716, 717-18

---

[1] If the commissioner's findings are rejected, then the circuit court must automatically set a de novo hearing before a circuit court judge. Rule 130.09(c).

[2] We recognize that parties have the right to seek a rehearing *before a commissioner*, and the ability to do so may be impacted if notice of the commissioner's decision is not provided in a timely fashion. See Rule 130.11. But Mother does not complain about losing her ability to seek a rehearing before the commissioner as a result of the same-day entry of judgment by the circuit court. She is solely concerned with her opportunity to seek a rehearing of the commissioner's decision before a circuit court judge. An opportunity she had and took.

(Mo. App. W.D. 1986). Here, Mother complains she lacked notice that her own motion was being denied.

Mother also asserts that the court was required to hold a hearing on her motion for rehearing under Rule 55.30. That rule provides that courts shall establish times and places "at which motions *requiring notice and hearing* may be heard and disposed of" but also authorizes a court to make provisions for the determination of such motions without an oral hearing. Rule 55.30 (emphasis added). In the absence of such a provision excusing the need for oral hearing in the local rules of the circuit court, Mother argues, it was error to rule on her motion without a hearing. But Mother has failed to prove that a motion for rehearing is one "requiring notice and hearing" before it may be denied. Moreover, the motion for rehearing would have been denied by operation of law if it had not been ruled on in forty-five days. See Rule 130.13(b); see also Section 487.030.2. Under these circumstances, we find no error in having denied that motion without a hearing. See Nichols v. Bossert, 727 S.W.2d 211, 214 (Mo. App. E.D. 1987) (no prejudicial error denying motion to amend judgment without hearing where motion would be denied by operation of law if not ruled on within certain time).

Mother also cites to Director of Revenue cases for the proposition that she was denied a meaningful hearing of her objections to the commissioner's findings by a circuit court judge. But those cases are not applicable because a petitioner in a license suspension case has a *statutory right* to a de novo hearing before a judge of the circuit court after the traffic judge hears the case. See, e.g., Stiens v. Director of Revenue, 19 S.W.3d 695, 697 (Mo. App. E.D. 2000) (citing section 302.535.1 and 479.500.4(2)). But granting a rehearing before a circuit court judge in a family court matter after a commissioner hears the case is discretionary. See Section 487.030.2 (judge "in his discretion, may either sustain or deny the motion"). There is "no

5

automatic right of review" in a family court case like this one.  <u>State ex rel. Kramer v. Walker</u>, 926 S.W.2d 72, 75 (Mo. App. W.D. 1996).  Thus, Mother had no right to have a hearing before a circuit court judge; she was entitled only to be given an opportunity to request the hearing.  Since she was clearly aware of that opportunity and requested a rehearing in a timely fashion after the judgment was entered, there has been no due process deprivation as Mother claims.

Mother also complains that immediate entry of the judgment on the same day as the findings issued indicates the judge did not carefully review it.  The rule states only that "after receipt and review" of the commissioner's findings, the trial court must adopt, amend or reject them.  Rule 130.09(a).  We decline to create a mandatory minimum time frame in which the judge must conduct its review under this rule.  And, in this case at least, it is clear that the court's review could be conducted on the same day the findings were entered.  There were only two contested issues before the commissioner—attorney fees and tax exemption—comprising less than ten pages of transcript and no more than twenty-five pages of attorney time records and bills.  The findings and recommendations themselves were less than twenty-five pages as well and were in a preprinted form judgment, familiar to and easily navigated by judges in the family court division.  Much of the rest of the case file was immaterial to the limited issues up for review.  It is reasonable to believe that a judge could conduct the required review of these limited issues and the relevant materials within a day.

Likewise, Mother argues that the immediate ruling on her motion for rehearing the same day it was filed indicates a lack of careful consideration by the court.  For the same reasons discussed above, we disagree.  Again, the issues eligible for rehearing were limited and the relevant materials easily reviewed within a day's time frame.  In fact, the judge is required to rule on motions for rehearing "promptly."  <u>See</u> Rule 130.13 (b); <u>see also</u> Section 487.030.2.

6

Moreover, although Mother claims the brief review of her case was not meaningful, she also claims the commissioner's alleged errors should have been obvious after even a brief review. If a brief time was sufficient to determine the existence of an error, it was also sufficient time in which to determine there was no error and, therefore, was a meaningful review.

Mother's final argument on this point is that the circumstances of this case prevented her from exercising her rights under Rule 51.05 to seek a change of either of the circuit court judges assigned to this case because they both ruled immediately upon the matter the day they received the case. We disagree. Rule 51.05(a) provides for one automatic change of judge "in any civil action upon the timely filing of a written application therefor by a party." This Rule applies to the commissioners of the family court. Walker, 926 S.W.2d at 76. Therefore, Mother's one automatic change of judge under Rule 51.05 was available to change the commissioner. Mother would only be entitled to another automatic change of judge under that rule if the transfer of the commissioner's finding to the judge, or some other proceeding thereafter, constituted an independent cause of action. Rehearing by the judge upon transfer was discretionary and, even if granted, would have simply been an opportunity to present the same issues between the same parties to a trial judge. Therefore, these were not independent civil actions, but were continuations of the same cause of action for which the commissioner was the original judicial officer. Nothing the judges did upon transfer to them therefore precluded Mother's ability to have sought a change of that commissioner.

In sum, we find that Mother was provided all the process to which she was due in this family court proceeding. Point I is denied.

In her second point, Mother contends that the court abused its discretion in awarding her only $5,000 of the more than $36,000 she incurred in attorney fees, pointing to the disparity in

7

the parties' income and to Father's conduct during the litigation. The court in a paternity action "may" order reasonable attorney fees "be paid by the parties in such proportion and at such times as determined by the court." Section 210.842. The trial court is vested with broad discretion to award attorney fees, and we will not disturb that award absent an abuse of discretion. Scobee ex rel. Roberts v. Scobee, 360 S.W.3d 336, 346-47 (Mo. App. W.D. 2012).

The parties agree that Father had more income than Mother, but disparity of income is only one relevant factor. See id. The court also has discretion to consider other factors, including the parties' conduct during the proceedings and the merits of the case. Id. None of the conduct Mother cites to in her brief—Father changed his position on custody shortly before trial, he changed hearing dates at the last minute requiring unnecessary travel by Mother, he did not cooperate to arrange her court-ordered mental examination—is supported by citations to *evidence* in the record. No evidence was put before the commissioner, except the judicial notice the court took of its own file. To the extent the commissioner was aware of Father's conduct, it was similarly aware of Mother's, which Father claims required him to file numerous motions to compel discovery. None of the cited conduct of either party suggests it was an abuse of discretion to award Mother $5,000 in attorney fees.

Mother also claims, for the first time on appeal, that the commissioner's findings were insufficient to show that all the relevant factors were considered in reaching the decision on attorney fees. Even if this were preserved for our review, we disagree. The commissioner is required to issue findings and recommendations in order to provide meaningful review by the judge of the family court. Lawrence v. Lawrence, 938 S.W.2d 333, 336 (Mo. App. W.D. 1997). But detailed factual findings are not required. Id. If the judge who received the commissioner's recommendations in this case—in the form of a standard preprinted custody and support

8

judgment—considered the findings incomplete or otherwise invalid, she could have ordered a rehearing on her own motion with specific directions to provide a more complete factual basis for the recommendations. See 2013 Electronic Pocket Park Update to Rule 130.11.

Mother has failed to overcome the presumption that the decision regarding attorney fees was correct. Point II is denied.

In her third point, Mother challenges the court's award of the child income tax exemption to Father. The presumed child support amount in this case was $948 a month according to Form 14, but the parties agreed to $900 a month, which is the amount in the judgment. The commissioner was to determine only whether Father was entitled to the tax exemption. In the judgment, the presumed child support amount was rebutted as unjust and inappropriate, and Father was awarded the exemption. This was the proper procedure to follow before awarding the exemption to the paying spouse. See Vaughn v. Bowman, 209 S.W.3d 509, 514 (Mo. App. E.D. 2006). Mother's claim that some "additional rebuttal" or finding was required under these circumstances is wholly without support or merit. In fact, Mother conceded that she had no taxable income. Father, therefore, was the only one who could benefit from a tax exemption anyway. Point III is denied.

The judgment is affirmed.


ROBERT G. DOWD, JR., Presiding Judge

Mary K. Hoff, J. and
Roy L. Richter, J., concur.

9